**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES CLAYTON MAY                                                                                          PLAINTIFF
ADC# 137749

v.                                            5:16-cv-00168-JM-JJV

KEVIN DEMON RIDGELL,
Correctional Sergeant, Dermott Unit,
Arkansas Department of Correction                                                                    DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

James May ("Plaintiff") brought this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Sergeant Kevin Ridgell ("Defendant") subjected him to excessive force while he was incarcerated at the Dermott Unit of the Arkansas Department of Correction. (*Id*.) Now, Defendant has moved to dismiss this action arguing Plaintiff has failed to state a claim upon which relief may be granted. (Doc. No. 10.) Plaintiff responded (Doc. No. 13) and the Motion is ripe for disposition.

### II. STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While specific facts are not necessary, a pleading that offers only "labels and conclusions" or "a formulaic recitations of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In order to meet the Rule 8(a) standard and survive a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U. S. at 570); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585,

594 (8th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U.S. at 556); *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U. S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 570).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson*, 551 U.S. at 93-94; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden*, 588 F.3d at 594.

### III.  PLAINTIFF'S CLAIMS

On September 8, 2015, Plaintiff was working on the utility squad. (Doc. No. 2 at 4.) Plaintiff informed Defendant he needed a break because of his "heat restriction," so Defendant told Plaintiff to take a ten-minute break. (*Id.*) Plaintiff says, "Before my break was over I stated to Sgt. Kevin Ridgell 'you can call the truck.' Sgt. Kevin Ridgell then advised me he was not calling the truck. Sgt. Kevin Ridgell then advised me to go back to work when my break was over." (*Id.*) Defendant then gave Plaintiff a direct order to return to work and Plaintiff "refused and then threw [his] aggie (tool) to the side. Sgt. Kevin Ridgell then gave [Plaintiff] a direct order to pick up [his]

3

tool and [he] complied. Then [Plaintiff] threw [his] aggie (tool) again and refused to pick it up." (Doc. No. 2 at 4.) According to Plaintiff's Complaint, Defendant gave Plaintiff three direct orders to pick up his tool and return to work, but Plaintiff refused. (*Id.*) Each time, Defendant Ridgell told Plaintiff if he refused to obey his orders, "'oc'(pepper spray) would be deployed." (*Id.*) Plaintiff refused and Sergeant Ridgell "deployed a one second burst of MK-4 to the right side of [Plaintiff's] facial area." (*Id.*) Plaintiff attempted to avoid the spray and Sergeant Ridgell deployed a second burst. (*Id.*) Plaintiff says after about five minutes, another officer placed him restraints and escorted him to the sally port entrance. (*Id.*) He was seen by a nurse and sent to the showers for decontamination. (*Id.*) Plaintiff says he suffered burning and irritation over the next twenty-four hours. Plaintiff says these events subjected him to cruel and unusual punishment and violated his Eighth Amendment rights.

## IV. ANALYSIS

### A. Excessive Force

The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers. *Johnson v. Hamilton*, 452 F.3d 967, 972 (8th Cir. 2006). The United States Court of Appeals for the Eighth Circuit explained the principles governing prisoner claims of excessive force in *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002), as follows:

> The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, *Whitley v. Albers*, 475 U.S. 312, 319 (1986), regardless of whether an inmate suffers serious injury as a result. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Officers are permitted to use force reasonably "in a good-faith effort to maintain or restore discipline," but force is not to be used "maliciously and sadistically to cause harm." *Id.* at 7. ... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. *Id. See also Hickey v. Reeder*, 12 F.3d 754, 758 (8th Cir. 1993). *Accord Fillmore v. Page,* 358 F.3d 496, 503-10 (7th Cir. 2004).

*Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002)

The infliction of pain in the course of a prison security measure is not cruel and unusual punishment "simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). "Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Johnson v. Bi-State Justice Center/Arkansas Dept. of Corrections*, 12 F.3d 133, 136 (8th Cir. 1993) (citing *Whitley*, 475 U.S. at 322).

The amount of force reasonably necessary to subdue prisoners is not the same for all prisoners. "We are not prepared to say that preemptive force cannot be resorted to in the case of prisoners whom corrections officers reasonably believe to be unusually violent. The question of excessiveness of force, in other words, cannot be assessed in a vacuum; it will vary from circumstance to circumstance. Officers are certainly not required in all cases to wait until they are attacked before they resort to force. Such a rule would expose them to an unnecessary and unreasonable risk of harm." *McCrary-El v. Shaw* , 992 F.2d 809, 812 (8th Cir. 1993).

Defendant argues dismissal is required because, taking Plaintiff's allegations as true, the force they used was justified under the circumstances and applied in a good faith manner to maintain and restore discipline. (Doc. No. 11 at 6.) Whether a situation justifies the use of force to maintain or restore discipline is a fact-specific issue that turns on the circumstances of the individual case or the particular prison setting. *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) (quotations omitted).

After carefully reviewing Plaintiff's Complaint, I find this is exactly the type of potentially violent scenario that entitles prison officials deference in their decision-making. *Whitley,* 475 U.S.

312. It was only after Plaintiff three times refused to comply with direct orders that Sergeant Ridgell deployed bursts of pepper spray. Furthermore, Defendant Ridgell warned Plaintiff three times that he would deploy the spray if Plaintiff would not comply. Plaintiff admits he took action to evade the first burst of spray, causing Defendant Ridgell to deploy a second burst. Accordingly, I find it was Plaintiff's actions that necessitated Sergeant Ridgell's use of force. At any time, Plaintiff could have followed Sergeant Ridgell's instructions and avoided the use of force. And before deployment of force, Defendant Ridgell attempted to end the situation by giving Plaintiff warnings. Therefore, under the circumstance created by Plaintiff, Defendant's use of a chemical agent was a good-faith effort to restore order and was not undertaken with a purpose to maliciously and sadistically cause harm. Furthermore, when compared to the other forms of force available to prison officials, the use of a chemical agent by prison officials to control a defiant inmate is considered a tempered response. *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000).

I have also carefully considered Plaintiff's Response to the Motion to Dismiss. (Doc. No. 13.) Plaintiff appears to have been honest during this litigation and, for that, is to be commended. And I realize he feels wronged from these events. However, considering his allegations as true, Plaintiff has failed to state a claim upon which relief may be granted. The use of force was undertaken in good faith and not with a malicious and sadistic intent. Plaintiff, therefore fails to state an excessive force claim and Defendant Ridgell is entitled to dismissal.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion to Dismiss (Doc. No. 10) should be GRANTED and this cause of action should be DISMISSED.

2. This cause of action should be DISMISSED with prejudice.

3.	The Court should certify pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting the recommendations and the accompanying Judgment would not be taken in good faith.

4.	Dismissal of this action should count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

Dated this 4th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."